UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JASPER DOCKERY                     X

    PITITIONER            X          CASE No:_____

    V.

AL HAYNES                          X

    WARDEN                X


INFORMAL BRIEF

MEMORANDUM OF LAW AND AUTHORITIES

ISSUE ON 2241(d).

    **Petitioner** using this application to tell the United States District Court for the District of Columbia why the petition under review should be granted, and Petitioner's immediately reliese.

    Petitioner must provide a brief summary of the facts argument and law that support his proposition that he has been held in prison wrongly in violation of the laws and Constitution of the United * * * States for nonexistence offence, whereas he is innocent of the charges.

    The petitioner rely only on factual evidence he intended to * * * advance to the Court.

    ISSUE 1.

        Did the arresting agent in New York violate the Fourth Amendment on February 6, 1996 when they breaking the home of Petitioner and kidnaped him without probable * cause.

3

Supporting facts and argument.

Yes the FBI violated the Fourth Amendment principles reiterated in Michigan V. Doran 58 Led 2d 525 infra 3, and 532-33 infra 6; Horton V. California, 496 U.S. 128, 139-40, 110 S. Ct. 2301, 110 L. Ed.2d 112 (1990); Maryland V. Garrison 480, 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72(1987)(Stating that if police officers knew or should have known that a building contains multiple "separate dwelling units", the officers are obligated to exclude from the warrant any units for which they do not have probable cause to conduct a search);Jacobs V. City of Chicago 215 F.3d 767-68 (7th Cir.2000)(same)(Neverless Petitioner is not conceeding there was any such warrant).

ISSUE 2.

On February 29, 1996 while Petitioner was held in Washington D.C. on Federal removal Affidavit mark ex "C", and removal* * * transcripts mark ex "F", base on indictment and warrant issue in the United States District Court for the District of * * * Columbia, charging Petitioner with Murder. Did the District of Columbia local Government, violates Rule 41 F.R.Crim.P.; and 18 USC § 1073 Act., when it remove petitioner from Federal Jurisdiction to local District Jurisdiction without probable cause, to be held for punishment.

Supporting facts and argument.

Yes it violate Federal Rule 41, and Statute 18 USC § 1073 Act. There is significant Federal involvement in executing Petitioner seizure, and removal affidavit clearly states that the United States District Court for the District of Columbia issue warrant based on indictment for the removal from New York to Washington DC, "incorrectly applied the principles reiterated in Byars V. United States, 273 U.S. 28, 47 S.Ct. 248, 71 LEd 520(1927);* * * Lusting V. United States, 338 US 74, 69 S. Ct. 1372, 93 L Ed 1819(1949); US V. Tavares 223 F.3d 911(8th Cir.2000)(same).

ISSUE 3.

Did the District of Columbia local Government executive * * * Authority committed fraud upon the PROCESS when it take the proposition that grand Jury return indictment January 5, 1996 in open Court, causation for issueing bench warrant in F153-96, and a Superior Court bench warrant issue January 23, 1996 for

F536-96; despite Petitioner Attorney Richard Gilbert searches the Superior Court Jacket and its records June 6, 1997, some 16 month subsequently to January of 1996 alleged return indictments and Counsel only found an unsign indictment in the Court's jacket. Submit herewith is copy of Mr. Gilbert memorandum mark ex #4., see ¶2, states only unsign indictment in Court jacket. Submit herewith are ex "1" and "2", are dockets entry of DC Superior Court records void showing any such process of warrant nor indictments.

**Supporting facts and argument**

> Yes the District of Columbia executive department, violate the principles retierated in RUSSELL V. UNITED STATES 8 L ed 2d 261, infra 2; and Demjanjuk V. Petrovsky, 10 F.3d 348 (6th Cir. 1993).

**ISSUE 4.**

> Did the District executive department conduct impose invidious discrimination against petitioner.

**Supporting facts and argument**

> This Court is ask to look on the face of the alleged indictments highlighted Jasper Dockery (aka) Jamaican Tee, thus the District violate the principles reiterated in U.S. V. Redondo-lemos, 27 F.3d 439, 444 (9th Cir. 1994); U.S. V. Anderson 940 F.2d 593 596(10th Cir.1991).

**WHEREFORE,** for reason states herein petitioner move this Court to be release on the issues states herein if respondent is unable to meet its burden and provide the documents of grand jury seeks herein.

Very truly submit

*Jasper Dockery* (signature)

Jasper L. Dockery
U.S.P. Hazelton, P.O. Box 2000
Bruceton Mills, West VA 26525

9/14/06.



## Memorandum To Client


*ATTORNEY-CLIENT LEGAL MATERIALS From Richard K. Gilbert, Esq.*

**To:** Jasper Lloyd Dockery
**CC:** Joan Farley
**From:** Richard K. Gilbert
**Date:** June 6, 1997
**Re:** Case Developments

---

1. Attached are

    (a) the cases you requested on the right to counsel

    (b) the cases you requested on knock and announce

    (c) some other important cases on the grand jury which I think that you should read. Not only do they set out the law but they show how hard it is to demonstrate enough prejudice to get a case reversed.

2. I looked at your indictment in the old case jacket; it has neither the signature of the grand jury foreperson nor any seal. I tried to look at the indictment in Corey Bullock's case jacket but was told that jacket was sealed. I will discuss with you when I see you next what steps we should take concerning this matter. It may well have been waived if not raised before trial.

3. I am also enclosing a copy of the telephone numbers which Annie Alexander says she has. She says that Rudasill would have any other statements and the like.

4. Rudasill has not returned my telephone calls as of this week.

5. One of your letters mentioned a tape from Denise Sutton with witness statements on it; what exactly are you talking about? Please explain it to Joan and I will follow up.

CONFIDENTIAL

1

*June 6, 1997*

6. I am also attaching a copy of the docketing statement which I filed today. I miscounted the number of days, so I had to file a motion to late file but the government did not oppose it and the Court of Appeals will unquestionable permit the late filing since there is no prejudice to anyone.

7. I checked again with the Appeals Coordinator's Office and the transcripts were ordered on June 4, 1997. In looking at the jacket today, I see that Judge Abrecht approved <u>all</u> of the transcripts which I requested. Normally the court reporters have two months to do the transcripts, but I will check again before we come back to court on June 30, 1997.

8. I have instructed Joan to inform you of any developments in the investigation of the case.

9. Please sign below so that I can verify that you have, in fact, gotten this memorandum.

*[signature]*

Richard K. Gilbert


### ACKNOWLEDGEMENT OF RECIEPT

I have received this Confidential Attorney Client Memorandum on _____, 1997

_____

Jasper Dockery

**ATTORNEY-CLIENT**
**LEGAL MATERIALS**
From Richard K. Gilbert, Esq.    2